IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LOWELL E. FREEL,

        Plaintiff,

  v.

SALLIE MAE, INC.,

        Defendant.

Civil Action 2:09-cv-886
Judge Smith
Magistrate Judge King

## OPINION AND ORDER

Pro se Plaintiff Lowell Freel brings this action against Defendant Sallie Mae, Inc., asserting various claims in connection with a student loan issued to Plaintiff's granddaughter. This matter is before the Court on Defendant's Motion to Dismiss (Doc. 15). This motion has been fully briefed and is ripe for disposition. For the reasons that follow, the Court **GRANTS** Defendant's motion.

**I.**    **Background**

On August 18, 2005, Plaintiff's granddaughter submitted an application to Defendant for a private, non-federally guaranteed, student loan in the amount of $25,000 ("the Loan"). (Am. Compl. ¶ 1). Plaintiff was named as a co-borrower on the application. *Id.* But Plaintiff did not sign the loan application, authorize anyone to name him as a co-borrower, or authorize anyone to sign the application on his behalf. *Id.* at ¶ 2. Plaintiff did not receive any benefit as a result of the issuance of the Loan. *Id.* at ¶ 3.

In 2007, Plaintiff filed for bankruptcy protection and subsequently received a bankruptcy

discharge. *Id.* at ¶ 4.  In a bankruptcy filing, Plaintiff listed the Loan as a liability.  *Id.*  Plaintiff reasoned that because it was not his loan, it would be discharged.  *Id.*  Defendant filed a claim against Plaintiff's bankruptcy estate in the amount of $37,084.52.  *Id.* at ¶ 5.

In July 2009, Plaintiff attempted to purchase a home but was denied the opportunity because of the debt associated with the Loan.  *Id.* at ¶ 6.  Plaintiff's credit report contains an entry pertaining to the Loan, and it lists Plaintiff as a co-borrower on the Loan.  *Id.* at ¶ 7.  Plaintiff challenged the entry, but Equifax verified the debt with Defendant.  *Id.*  Plaintiff has repeatedly informed Defendant's representatives that he did not agree to be named as a borrower on the Loan.  *Id.* at ¶ 8.  Beginning sometime in 2006, Plaintiff repeatedly requested a copy of the loan application bearing his signature.  *Id.*

In September 2009, Plaintiff filed suit against Defendant in the Franklin County Municipal Court, Small Claims Division, in response to Defendant's actions regarding the Loan. Defendant's counsel called Plaintiff about one week before a hearing in the state court to inform him that the signature on the loan note was his.  *Id.* at ¶ 9.  Shortly before the matter was to be heard by the small claims court, Defendant provided to Plaintiff a copy of the loan note along with a fraud package.  *Id.* at ¶¶ 8 and 10.  On October 6, 2009, Plaintiff received a telephone call from Defendant's counsel informing him that the case was being removed to federal court.  *Id.* at ¶ 11. The next day, Defendant removed the case to this Court, thereby divesting the state court of jurisdiction.  Despite the state court's receipt of a copy of the notice of removal on October 7, 2009, a hearing was held the next day, and Plaintiff obtained a Default Judgment issued by the

2

state court in the amount of $3,000. *Id.* at ¶ 13.[1] Plaintiff received a copy of the notice of removal by regular mail the day after the state court hearing. *Id.* at ¶ 12.

Following removal to this Court, Plaintiff moved to file an amended complaint before Defendant filed any responsive pleading. This motion, albeit unnecessary for Plaintiff to file an amended complaint, *see* Fed. R. Civ. P. 15(a)(1), was granted, and the Clerk of this Court was directed to file the amended complaint (Doc. 12). By his amended complaint, Plaintiff asserts causes of action for violations of the Fair Credit Reporting Act, negligence, predatory lending, and intimidation. In response, Defendant filed a motion to dismiss all of Plaintiff's claims, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires the complaint to contain a "short and plain statement of the claim

---

[1] The Court notes that any judgment entered by the state court following removal of this matter to this Court would be void ab initio, due to the state court's lack of jurisdiction. *See* 28 U.S.C. § 1446(d) (once removal occurs, the "State court shall proceed no further").

showing that the pleader is entitled to relief[.]"

A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  Although in this context all of the factual allegations in the complaint are taken as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Furthermore, to survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 1950.  While a complaint need not contain "detailed factual allegations," its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, at 555.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Iqbal*, at 1950 (quoting Fed. Rule Civ. Proc. 8(a)(2)).  In the final analysis, the task of determining plausibility is "context-specific [and] requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A *pro se* complaint should be liberally construed.  *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).  But the Court is not required to fabricate allegations which are not pleaded, or

conversely, ignore the facts that have been pleaded.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

It is with these principles in mind that the Court addresses Defendant's motion to dismiss.

### III. Discussion

In support of its motion to dismiss, Defendant argues that the amended complaint must be dismissed with prejudice in its entirety pursuant to the doctrine of judicial estoppel and because the facts alleged are insufficient to state a claim.  Additionally, Defendant contends that Plaintiff's negligence claim is barred by the statute of limitations.  The Court first will address Defendant's argument that the doctrine of judicial estoppel applies here.

Judicial estoppel is an equitable doctrine that "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000)).  The Supreme Court has identified three considerations that are typically relevant in determining whether judicial estoppel should apply: (1) "a party's later position must be clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 750-51.  These factors are not "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." *Id.*

5

at 751.

The Sixth Circuit Court of Appeals, focusing on the first two factors identified in *New Hampshire*, has stated that "[t]he doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.' " *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1217 (6th Cir. 1990)). That is, the "doctrine of judicial estoppel forbids a party 'from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.' " *Teledyne*, 911 F.2d at 1217 (quoting *Reynolds v. Comm'r*, 861 F.2d 469, 472-73 (6th Cir. 1988)). The application of judicial estoppel "preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment." *Id.* at 1218. But judicial estoppel should be applied with caution to "avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement." *Id.*

The Court finds that application of the doctrine of judicial estoppel is appropriate here. As noted above, Plaintiff asserts causes of action against Defendant under the Fair Credit Reporting Act ("FCRA"), and for negligence, predatory lending, and intimidation. An essential premise of Plaintiff's FCRA, negligence, and predatory lending claims against Defendant is his assertion that he has incurred damages as a result of Defendant's negligence in issuing the Loan, with Plaintiff erroneously named as a co-borrower, and in failing to reasonably exercise its duty to correct this error. In other words, Plaintiff alleges by these claims that he is not liable under the

6

terms of the Loan, and Defendant's conduct to the contrary has injured him.

Plaintiff's position in this lawsuit — that he is not liable under the terms of the Loan — directly contradicts his position regarding the Loan when he filed for bankruptcy protection.[2] In 2007, Plaintiff filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Southern District of Ohio, and the case was assigned No. 2:07-bk-56117. As part of this filing, Plaintiff submitted a statement of his financial affairs, which included a schedule of his liabilities ("Schedule F"), and a list of his creditors ("Creditor Matrix"). *See* 11 U.S.C. § 521(a)(1) (requiring a debtor to file a list of creditors and a schedule of assets and liabilities). The Schedule F form directs the debtor to identify claims against him, and, if a claim is disputed, to place an "X" in the column labeled "Disputed." The Schedule F that Plaintiff submitted in the bankruptcy proceeding states that Plaintiff "co signed w[/] daughter for granddaughter" for a student loan funded by Defendant. And there is no marking in the "Disputed" box as it relates to the Loan. Plaintiff declared, under penalty of perjury, that this schedule of claims was correct. Furthermore, the Creditor Matrix that Plaintiff submitted identifies Sallie Mae as one of his creditors, and it references the same account number associated with the loan identified in Schedule F. Thus, by his filings in the bankruptcy court, Plaintiff affirmatively recognized his liability under the terms of the loan that Sallie Mae issued to Plaintiff's granddaughter. Plaintiff further indicated that Sallie Mae's claim against him was not disputed.

In February 2008, the bankruptcy court granted Plaintiff a discharge under 11 U.S.C. §

---

[2] In resolving Defendant's motion to dismiss, the Court takes judicial notice of the filings in the bankruptcy case involving Plaintiff conducted in the United States Bankruptcy Court for the Southern District of Ohio. *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) (noting that, when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment).

727, and in June 2008, the case was closed once the bankruptcy estate was fully administered. When the bankruptcy court granted Plaintiff a discharge of debts under 11 U.S.C. § 727, it implicitly accepted his statements regarding his financial affairs. *See Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1048 (8th Cir. 2006) ("[W]here the bankruptcy court issues a 'no asset' discharge, the bankruptcy court has effectively adopted the debtor's position."). Now, because the Loan was apparently not discharged, as it is a student loan, *see* 11 U.S.C. § 523 (listing debts not discharged under 11 U.S.C. § 727), Plaintiff takes the position that he did not agree to be liable on the Loan, and has filed suit against Defendant for conduct relating to the Loan. As such, Plaintiff, in the pending lawsuit, is attempting to use to his advantage a position diametrically opposed to a position of his that previously was presented to, and accepted by, another court.

      Plaintiff, in opposition to Defendant's motion to dismiss, asserts that he listed the Loan in the bankruptcy filing even though he did not believe he had incurred the debt. Thus, Plaintiff suggests that he mistakenly listed the loan as one of his liabilities, and therefore should not be precluded in this action from claiming no liability under the Loan. Indeed, the Sixth Circuit Court of Appeals has cautioned against applying judicial estoppel in circumstances involving mistake or inadvertence. *See Browning*, 283 F.3d at 776 ("judicial estoppel is inappropriate in cases of conduct amounting to nothing more than mistake or inadvertence"). But the bankruptcy filing provides absolutely no indication that his liability for the debt was uncertain, or that Plaintiff mistakenly identified the Loan as one of his liabilities. If Plaintiff's liability was uncertain or disputed, he would have checked the box on the Schedule F form indicating that he disputed the purported claim. Furthermore, Plaintiff's assertion that he listed the Loan because he thought it would be discharged due to the fact that he was not liable on the Loan, is belied by the fact that he

8

affirmatively stated in the bankruptcy filing that he "co-signed" on the Loan. Plaintiff's explanation in this lawsuit, for why he listed the Loan on Schedule F in the bankruptcy proceeding, is simply consistent with his decision to reverse course and assert that he is not liable under the terms of the Loan.

Accordingly, the doctrine of judicial estoppel applies here to preclude Plaintiff from proceeding on his FCRA, negligence, and predatory lending claims.

The Court now will address Plaintiff's fourth claim, the "intimidation" claim. Plaintiff's "intimidation" claim is unaffected by the application of the doctrine of judicial estoppel, as it is not contingent on Plaintiff's assertion that he is not liable on the Loan. Nonetheless, the claim must be dismissed. Plaintiff's intimidation claim is directed at Defendant and its counsel for conduct relating to the removal of this action from state court. Plaintiff asserts that Defendant's counsel instructed him not to appear at the scheduled state court hearing because the case was going to be removed to federal court, and he waited "until the last minute to remove the case to Federal Court." (Am. Compl. ¶ 8). Plaintiff argues that Defendant's conduct was intended to intimidate him into dismissing his lawsuit.

The Court finds that Defendant's advisement regarding the hearing could be viewed as nothing other than a courtesy to prevent Plaintiff from appearing in state court after it had lost jurisdiction over the case. Advising an opposing party, particularly a pro se litigant, that the removal of the case would eliminate the necessity of appearing at a subsequent hearing, cannot reasonably be viewed as improper. Moreover, Plaintiff cites no authority suggesting that a cause of action based in tort may arise due to the timing of the filing of a notice of removal, and the Court unsurprisingly finds none supporting this proposition.

9

**IV.     Conclusion**

For the foregoing reasons, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted, and accordingly **GRANTS** Defendant's Motion to Dismiss (Doc. 15).

The Clerk shall remove Document 15 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

 *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**